UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60143-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SONYINI CLAY,

    Defendant.

_____/

**ORDER DENYING SENTENCE REDUCTION PURSUANT TO AMENDMENT 794**

**THIS CAUSE** is before the Court upon Defendant Sonyini Clay's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on a Retroactive Amendment to the United States Sentencing Guidelines [DE 185] ("Motion").  The Court has carefully reviewed the Motion, as well as the Government's Response [DE 189], and is otherwise fully advised in the premises.

On April 25, 2013, the Court sentenced Clay to 121 months' imprisonment following her guilty plea to one count of conspiracy to defraud the United States by filing false claims, see 18 U.S.C. § 286, and one count of aggravated identity theft, see 18 U.S.C. § 1028A(a)(1).  See DE 166 at 2, 12 (Tr. of Sentencing).  In the Motion, Clay seeks a reduction of her sentence based on Amendment 794 to the United States Sentencing Guidelines.  See U.S.S.G. Supp. App. C, Amend. 794.  That Amendment, which became effective on November 1, 2015, "provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies" under U.S.S.G. § 3B1.2.  Id. (Reason for Amend.).  Clay suggests that, with the benefit of

Amendment 794, she would be entitled to a minor-role reduction in her offense level. See U.S.S.G. § 3B1.2.[1]

Section 3582(c)(2) of Title 18 "gives retroactive effect to certain amendments to the Sentencing Guidelines that lower the sentencing range upon which an earlier sentence was based." United States v. Armstrong, 347 F.3d 905, 906-07 (11th Cir. 2003). But not every such amendment applies retroactively under § 3582(c)(2). Rather, the Eleventh Circuit has adopted "the bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c) [now § 1B1.10(d)]" of the Sentencing Guidelines. Id. at 909. Amendment 794, which Clay's Motion relies on, is not listed among the retroactive amendments in § 1B1.10(d). Thus, because that amendment did not become effective until long after Clay was sentenced, she is foreclosed from invoking it in her Motion. It is therefore

**ORDERED AND ADJUDGED** that Defendant Sonyini Clay's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on a Retroactive Amendment to the United States Sentencing Guidelines [DE 185] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of December, 2016.

_____
JAMES I. COHN
United States District Judge

---

[1] Clay's Presentence Investigation Report recommended no adjustment to her offense level based on her role in the crimes. Also, the Court denied Clay's motion for downward departure, which argued (among other points) that she played a relatively minor role in the offenses compared to her co-defendants. See DE 121 at 1-2 (Mot.); DE 166 at 11.

Copies provided to:

Counsel of record

Sonyini Clay
00582-104
Marianna Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 7007
Marianna, FL 32447